PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY D. SPRINGMAN, *et al.*, | ) | |
| | ) | CASE NO. 4:17CV2544 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| PRIME LOGISTICS CORP., *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendants. | ) | **ORDER** [Resolving ECF Nos. 4 and 6] |

*Pro se* Plaintiffs Jeffrey D. Springman and Lendy Long filed this contract dispute action against Defendants Prime Logistics Corp., P.A.M. Transport, and Cherokee Insurance. ECF No. 1. The matter is currently before the Court on: (1) Plaintiffs' motion for entry of default (ECF No. 4); and (2) Defendants P.A.M. Transport and Cherokee Insurance's Motion for More Definite Statement (ECF No. 6). For the reasons set forth below, Plaintiffs' motion (ECF No. 4) is denied and Defendants' motion (ECF No. 6) is granted.

**I. Procedural Background**

The Complaint was filed on December 7, 2017. ECF No. 1. The Clerk of Court issued the original summons in this case on January 17, 2018. ECF No. 2. On February 5, 2018, Plaintiff Springman filed an affidavit stating that the "Complaint and Summons were served on all parties by Certified U.S. Mail on January 17, 2018 (Copy of Plaintiffs' CERTIFICATE OF SERVICE and postal receipt bearing date of January 17, 2018 and time 4:57 PM and bearing

(4:17CV2544)

postage fees for delivery to each party's respective mailing addresses is attached to this Affidavit)." ECF No. 3 at PageID#: 59. No attachments were filed with Plaintiff's affidavit as proof that service was made on Defendants *via* certified mail. *See* ECF No. 3.

Nonetheless, on February 7, 2018, Plaintiffs filed a motion for entry of default against all Defendants. ECF No. 4. In support of their motion, Plaintiffs filed attachments of (1) postal service receipts postmarked January 10, 2018; (2) Return Receipts, indicating that service was made upon Defendants, *via* certified mail service on January 16, 2018—one day prior to the date the original summonses were issued; and (3) copies of the summonses issued for each Defendant.[1] *See* ECF Nos. 4-1, 4-2, and 4-4.

On February 19, 2018, Defendants P.A.M. Transport and Cherokee Insurance filed a Motion for More Definite Statement, pursuant to Fed. R. Civ. P. 12(e). ECF No. 6. Defendants request that the Court order Plaintiffs to amend their Complaint because, as it stands, "Plaintiffs' Complaint is so vague and unintelligible in its present condition Defendants cannot reasonably prepare a responsive pleading." *Id.* at PageID#: 97. Plaintiffs filed an opposition, and Defendants replied. ECF Nos. 11 and 18.

## II. Service to Defendants

Although Plaintiff Springman's affidavit states that the "Complaint and Summons were served on all parties by Certified U.S. Mail on January 17, 2018," there is presently no proof that

---

[1] Plaintiffs provided a copy of the January 17, 2018 summonses issued by the Clerk to Defendant Prime Logistics Corp., but failed to complete and file the "Proof of Service" form. *See* ECF No. 4-4; *see also* Fed. R. Civ. P. 4(l)(1) ("Unless service is waived, proof of service must be made to the court.").

2

(4:17CV2544)

Defendants were served by a method listed in Fed. R. Civ. P. 4(e)(1) or (2) or Rule 4(h). Moreover, based on Plaintiffs' filings of Return Receipts, dated January 16, 2018, it is unclear whether Plaintiffs served Defendants with the original summons issued by the Clerk on January 17, 2018, as required under Rule 4. *See* Fed. R. Civ. P. 4(b) ( "On or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal. If the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant." A summons must then be issued for each defendant to be served).

Therefore, with respect to Defendant Prime Logistics Corp., Plaintiffs are ordered to provide the Clerk's Office with a completed Praecipe for Issuance of the original summons to be issued to Defendant Prime Logistics Corp. within 7 days of this Order. The summons to be issued to Defendant should be uploaded as an attachment to the Praecipe. See L.R. 4.2, if service of the summons will be made by certified mail.

Having found that service was not properly made on Defendants, the Court concludes that Defendants P.A.M. Transport and Cherokee Insurance timely waived service on February 21, 2018. *See* ECF Nos. 8 and 9; *see also* Fed. R. Civ. P. 4(d)(3) ("A defendant who, before being served with process, timely returns a waiver, need not serve an answer to the complaint until 60 days after the request was sent . . . ." ).

### III.  Entry of Default

On February 7, 2018, Plaintiffs filed a Motion for Entry of Default, pursuant to Fed. R. Civ. P. 55(a). ECF No. 4. Given the above analysis regarding service of process, the Court denies Plaintiffs' Motion for Entry of Default.

3

(4:17CV2544)

### IV. Motion for More Definite Statement

Fed. R. Civ. P. 12(e) permits a party to move for a more definite statement of a pleading that is "so vague or ambiguous that the party cannot reasonably prepare a response." *See BAC Home Loans Serv. LP v. Falls Oak Farm LLC*, 2011 WL 6749066, *3—*4 (S.D. Ohio Dec. 22, 2011) (granting the defendant's motion for a more definite statement as to several of the plaintiff's counts that failed to assert a cause of action or state the factual bases for a cause of action).

Pursuant to Fed. R. Civ. P. 12(e), Defendants P.A.M. Transport and Cherokee Insurance move for a Court Order requiring that Plaintiffs amend their Complaint to provide a more definite statement.  ECF No. 6.  Defendants contend that Plaintiffs' Complaint is "so vague and unintelligible in its present condition" because (1) it is unclear who Co-Plaintiff Lendy Long is or what claims she presents; (2) it is unclear what claims are being made against Defendant Cherokee Insurance, who has no contractual relationships with Plaintiffs; (3) as a basis for their action, Plaintiffs cite to a statute that does not exist—16 US Code § 8316-2 Civil Actions; and (4) Plaintiffs have not provided "the statutory basis for [their] claims, if any, as their exhibits demonstrate only $13,342.49 in property damage but the jurisdictional threshold for diversity [must exceed] $75,000.00.  *See* 28 U.S.C. § 1332(a))."  *Id.* at PageID#: 98—99 (alterations added).  The Court agrees.

In addition to the deficiencies Defendants point out, Plaintiffs' Complaint fails to allege each Defendants state of incorporation and principal place of business, as required when bringing a case in federal court under 28 U.S.C. § 1332.  *See Vaughn v. Holiday Inn Cleveland Coliseum,*

4

(4:17CV2544)

56 F. App'x 249, 250 (6th Cir. 2003) ("Because a corporation is considered a citizen of both its place of incorporation and its principal place of business . . . a plaintiff attempting to invoke diversity jurisdiction when suing a corporation must allege both the corporation's state of incorporation and its principal place of business.").

Given the Complaint's lack of a jurisdictional statement, proper cause of action, and factual bases for a cause of action, Defendants cannot decipher what relief Plaintiffs seek in this case or whether this case is properly brought under 28 U.S.C. § 1332. Accordingly, Defendants' motion (ECF No. 6) is granted.

Plaintiffs are directed to amend their Complaint to provide a more definite statement within 7 days of this Order. Additionally, within 7 days of this Order, Plaintiffs shall file a jurisdictional statement establishing the citizenship of each Defendant, and whether the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332. Failure to comply with this Order will result in immediate dismissal of this case without further notice.

### V. Conclusion

For the reasons set forth above, Plaintiffs' Motion for Entry of Default (ECF No. 4) is denied. Defendants' Motion for More Definite Statement (ECF No. 6) is granted.

IT IS SO ORDERED.

| | |
|---|---|
| February 28, 2018 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |