PCM:mko
18FEB02

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| JEFFREY D. SPRINGMAN, et al., | Case No. 4:17-cv-02544-BYP |
| Plaintiffs, | Judge Benita Y. Pearson |
| v. | **ANSWER OF DEFENDANTS, P.A.M. TRANSPORT AND CHEROKEE INSURANCE COMPANY, TO PLAINTIFFS' COMPLAINT OF MARCH 5, 2018 WITH JURY DEMAND** |
| PRIME LOGISTICS CORP., et al., | |
| Defendants. | |

Peter C. Munger (0042288)
**MUNGER COMPANY, L.P.A.**
 Suite 400, 626 Madison Avenue
 Toledo, Ohio 43604
 Telephone: 419-241-4400
 Facsimile: 419-241-2344
Attorney for Defendants,
P.A.M. Transport and
Cherokee Insurance Company

Now come Defendants, P.A.M. Transport and Cherokee Insurance Company, by and through counsel, Peter C. Munger of Munger Company, L.P.A., and for their Answer to Plaintiffs' Complaint filed March 5, 2018, state and aver as follows.

1. The Answering Defendants admit there was an accident involving the vehicle operated by Curtis Helfrich as he was driving in connection with his employment through P.A.M. Transport and that it was insured with Cherokee

1

Insurance Company. Further pleading, the remaining allegations set forth about the claim are objectionable as not appropriate for pleading as Plaintiffs have presented. Further pleading, the Answering Defendants are without sufficient information to admit or deny the remaining allegations contained in the Complaint filed March 5, 2018 and therefore deny same.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim against either of the Answering Defendants upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a cause of action in violation of Civil Rule 8(A).

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a cause of action on behalf of Jeffrey D. Springman.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a cause of action on behalf of Plaintiff, Lendy Long.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to specify a jurisdictional basis for the Complaint.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to present sufficient allegations of diversity.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a place for the alleged accident.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs fail to attach a copy of the written instrument upon which any alleged claim is based.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs have no standing to make a claim against Cherokee Insurance Company.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint violates *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint violates *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint violates this Court's prior Order granting the Defendants' request for More Definite Statement issued February 28, 2018.

## THIRTEENTH AFFIRMATIVE DEFENSE

The injuries, damages and losses complained of in Plaintiffs' Complaint were caused in whole or in part by the negligence and/or tortious conduct of the Plaintiffs and/or Co-Defendants and/or others whose negligence and/or tortious conduct must be compared with that of the Answering Defendants, if any.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are precluded by Ohio law from presenting a third party claim against the Answering Defendants' alleged insurer.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is frivolous.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is sanctionable.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs primarily assumed the risk of injury, damage or loss on the date in question with knowledge of the attendant risks and dangers such that their claims may be precluded by the primary assumption of the risk.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint may not have been properly served.

## TWENTIETH AFFIRMATIVE DEFENSE

This Court may lack subject matter jurisdiction over this matter.

## TWENTY FIRST AFFIRMATIVE DEFENSE

This Court may lack personal jurisdiction over this matter.

## TWENTY SECOND AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to allege each Defendants state of incorporation and principal place of business as required when bringing a case in federal court under 28 U.S.C. §1332.

## TWENTY THIRD AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to set forth a valid statutory basis for their claims.

## TWENTY FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' pleading fails to properly set forth their claims in accordance with the Civil Rules pleading standards.

**WHEREFORE**, the Answering Defendants pray Plaintiffs' Complaint of March 5, 2018 be dismissed and they may go hence without costs.

Respectfully submitted,

/s/ Peter C. Munger

Peter C. Munger
Attorney for Defendants,
P.A.M. Transport and
Cherokee Insurance Company

## JURY DEMAND

The Answering Defendants request a Jury by the maximum number of individuals permitted by law should Plaintiffs' claim be allowed to go forward.

Respectfully submitted,

/s/ Peter C. Munger

Peter C. Munger
Attorney for Defendants,
P.A.M. Transport and
Cherokee Insurance Company

## CERTIFICATE OF SERVICE

The undersigned hereby certifies a copy of the foregoing **ANSWER OF DEFENDANTS, P.A.M. TRANSPORT AND CHEROKEE INSURANCE COMPANY, TO PLAINTIFFS' COMPLAINT OF MARCH 5, 2018 WITH JURY DEMAND** was sent via ordinary U.S. Mail this 19 day of March, 2018, to:

Jeffrey D. Springman
3905 100th Street
Lubbock, TX 79423
Plaintiff

Lendy Long
ADDRESS UNKNOWN
Plaintiff

Prime Logistics Corp.
3501 W. Algonquin Rd., Ste. 650
Rolling Meadows, IL 60008
Defendant

*Marshall Thuguesain Esq.*
*for Peter C. Munger*
Peter C. Munger