MAK
18FEB02

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| JEFFREY D. SPRINGMAN, et al., | Case No. 4:17-cv-02544-BYP |
| Plaintiffs, | Judge Benita Y. Pearson |
| v. | **MEMORANDUM IN OPPOSITION TO PLAINTIFFS' "MOTION FOR REQUEST OF COURT CLERK"** |
| PRIME LOGISTICS CORP., et al., | |
| Defendants. | Peter C. Munger (0042288) **MUNGER COMPANY, L.P.A.** Suite 400, 626 Madison Avenue Toledo, Ohio 43604 Telephone: 419-241-4400 Facsimile: 419-241-2344 Attorney for Defendants, P.A.M. Transport and Cherokee Insurance |

Now come Defendants, P.A.M. Transport and Cherokee Insurance, by and through counsel, Peter C. Munger and Marshall A. Kupresanin of Munger Company, L.P.A., who hereby move the Court for an Order denying Plaintiffs' "Motion for Request of Court Clerk." Plaintiffs' proposed summonses are defective, incomplete, are directed towards non-parties, and should not be issued by the Court.

A proposed Order is attached.

1

## **MEMORANDUM**

On March 5, 2018, as part of their Amended Complaint, Plaintiffs' filed six (6) different proposed Court Summonses. (Exhibit A). On March 13, 2018, Plaintiffs filed a "Motion for Request of Court Clerk" requesting the proposed summons be signed by the Clerk and sent to the individuals named. However, cursory review of the proposed summonses demonstrates they are defective, incomplete, do not comply with the requirements of the Civil Rules, and should not be issued.

### A.   **PLAINTIFFS' PROPOSED SUMMONSES ARE DEFECTIVE UNDER CIVIL RULE 4**

Rule 4 of the Federal Rules of Civil Procedure sets forth what a summons in Federal Court must contain and provides:

> (a) CONTENTS; AMENDMENTS.
>    (1) *Contents.* A summons must:
>       (A) <u>name the court and the parties;</u>
>       (B) <u>be directed to the defendant;</u>
>       (C) state the name and address of the plaintiff's attorney or—if unrepresented—of the plaintiff;
>       (D) state the time within which the defendant must appear and defend;
>       (E) notify the defendant that a failure to appear and defend will result in a default judgment against the defendant for the relief demanded in the complaint;
>       (F) be signed by the clerk; and
>       (G) bear the court's seal. (Emphasis Added)

Plaintiffs' proposed summonses do not comply with the requirements of Civil Rule 4 and should not be issued.

### 1. PLAINTIFFS' SUMMONSES DO NOT NAME ALL THE PARTIES

To constitute sufficient process, a summons "<u>must...name the</u> Court and <u>parties</u>..." *Whitaker v. Stamping*, 302 F.R.D. 138, 146 (E.D. Mich. 2014)(Emphasis Added). Plaintiffs' proposed summonses do not individually name all the parties. Instead, each summons only names the Defendant to whom it is directed as the sole Defendant. Consequently, Plaintiffs' summonses are defective under Civil Rule 4(a)(1)(A) and should not be issued.

### 2. PLAINTIFFS' PROPOSED SUMMONSES ARE NOT PROPERLY DIRECTED TOWARDS DEFENDANTS

To constitute sufficient process, a summons also "must be directed <u>to the Defendant.</u>" *Wieck v. Bd. Of Trs. Of Ky. Teachers' Ret. Sys.*, 2016 U.S. Dist. 135198 *39 (W.D. Ken. 2016)(Emphasis Added). Plaintiffs' proposed summonses are defective in this regard as well. The proposed summonses are not directed at Defendants, but instead are directed at Defendants' employees. This is improper. The alleged employees are not parties to this case. Plaintiffs' proposed summonses are therefore defective for a second reason under Civil Rule 4 and should not be issued.

In light of the aforementioned facts, circumstances, and authority of law, Defendants P.A.M. Transport and Cherokee Insurance hereby move the Court for an Order denying Plaintiffs' "Motion for Request of Court Clerk."

In addition, Defendants renew their request Plaintiffs' Amended Complaint be dismissed. Plaintiffs' defective proposed summonses are yet

another example of Plaintiffs' utter failure to comply with the requirements of the Federal Rules of Civil Procedure. The Court should not tolerate this any longer.

Respectfully submitted,

*Marshall Kupresanin*

Peter C. Munger
Marshall A. Kupresanin
Attorney for Defendants,
P.A.M. Transport and Cherokee Insurance

## CERTIFICATE OF SERVICE

The undersigned hereby certifies a copy of the foregoing **MEMORANDUM IN OPPOSITION TO PLAINTIFFS' "MOTION FOR REQUEST OF COURT CLERK"** was sent via Ordinary U.S. Mail this __20__ day of March, 2018, to:

Jeffrey D. Springman
3905 100th Street
Lubbock, TX 79423
Plaintiff

Lendy Long
ADDRESS UNKNOWN
Plaintiff

Prime Logistics Corp.
3501 W. Algonquin Rd., Ste. 650
Rolling Meadows, IL 60008
Defendant

*Marshall Kupresanin*

Peter C. Munger
Marshall A. Kupresanin

4