PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JEFFREY D. SPRINGMAN, *et al.*, | ) |
| Plaintiffs, | ) CASE NO. 4:17CV2544 |
| | ) |
| v. | ) JUDGE BENITA Y. PEARSON |
| | ) |
| PRIME LOGISTICS CORP., *et al.*, | ) |
| | ) **MEMORANDUM OF OPINION AND** |
| Defendants. | ) **ORDER** |

**I. Background**

This *pro se* contract dispute action was purportedly brought on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. ECF No. 1. In their original complaint, *pro se* Plaintiffs Jeffrey D. Springman and Lendy Long assert that the requirements of 28 U.S.C. § 1332 are met because Defendant Prime Logistics Corp. is a citizen of Illinois; Defendant P.A.M. Transport is a citizen of Arkansas; and Defendant Cherokee Insurance is a citizen of Michigan, but Plaintiffs fail to indicate their states of citizenship and whether "the amount in controversy exceeds $75,000.00 exclusive of interests and costs." ECF No. 1 at PageID#: 1; *see* 28 U.S.C. § 1332(a).

**II. Legal Requirements**

Fed. R. Civ. P. 8(a) provides that the complaint shall contain "a short and plain statement of the grounds upon which the court's jurisdiction depends." Moreover, because a corporation is considered a citizen of both its place of incorporation and its principal place of business, the

(4:17CV2544)

plaintiff attempting to invoke diversity jurisdiction must allege both the corporation's state of incorporation and its principal place of business. *See Vaughn v. Holiday Inn Cleveland Coliseum*, 56 F. App'x 249, 250 (6th Cir. 2003). Because Plaintiffs' original complaint failed to properly state the grounds for the Court's subject matter jurisdiction, the Court concluded that Plaintiffs' original complaint was insufficient to establish the Court's jurisdiction over the case. *See* ECF No. 20.

On February 28, 2018, the Court ordered Plaintiffs to (1) file a jurisdictional statement establishing the citizenship of each Defendant, and whether the amount in controversy exceeds $75,000.00; and, (2) amend their complaint, so as to provide a more definite statement of their claim(s) against Defendants, within seven days of the Order. *See* ECF No. 20 at PageID#: 226. The Court warned Plaintiffs that failure to comply with the Court's Order would result in immediate dismissal of the case without further notice. *Id.*

On March 5, 2018, Plaintiffs filed an Amended Complaint. ECF No. 26. Plaintiffs failed to file a jurisdictional statement as ordered by the Court. *See* ECF No. 20 at PageID#: 226. For the reasons provided below, even construing Plaintiffs' Amended Complaint in the most liberal light, the Court submits that the case must be dismissed for lack of subject matter jurisdiction.

**III. Analysis**

While *pro se* pleadings are liberally construed and held to a less stringent standard than one drafted by an attorney, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Fed. R Civ. P. 12(b)(1) and (h)(3). The court must be satisfied of its own jurisdiction to hear the

(4:17CV2544)

claims presented and may address the lack of jurisdiction at any time during the course of an action. *Campanella v. Commerce Exch. Bank*, 137 F.3d 885, 890 (6th Cir.1998). When subject matter jurisdiction is found to be lacking, dismissal is required. Fed. R. Civ. P. 12(h)(3).

The Court is one of limited jurisdiction. Pursuant to 28 U.S.C. § 1332, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Unless the diversity and amount-in-controversy requirements of 28 U.S.C. § 1332 are both met, or some other basis for jurisdiction is established, the Court cannot take any action in this case. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1074 (6th Cir. 1990). The burden of establishing subject matter jurisdiction and overcoming the presumption rests upon the plaintiffs because they are the parties who seek to invoke the Court's jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Despite being prompted to file a jurisdiction statement, no such filing is evident on the docket. Plaintiffs have failed to establish that the Court has jurisdiction.[1]

---

[1] Although Plaintiffs assert that this action is brought on the basis of diversity jurisdiction, Plaintiffs' Amended Complaint cites to "18 U.S.C. § 1964-Civil Remedies." ECF No. 26 at PageID#: 261. 18 U.S.C. § 1964 relates to remedies for violations committed under the Racketeer Influenced and Corrupt Organizations statute, 18 U.S.C. § 1962. Plaintiffs' Amended Complaint does not appear to allege either a legal or factual basis to seek a remedy under this statute, in which to establish grounds for the Court's jurisdiction. *See Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (affirming district court's authority to *sua sponte* dismiss a non-prisoner *pro se* complaint for lack of subject matter jurisdiction "at any time when the allegations of the complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open for discussion.").

(4:17CV2544)

Additionally, while Plaintiffs timely filed an Amended Complaint, ECF No. 26, the Amended Complaint contains the same deficiencies obvious in the original complaint. *Cf.* ECF Nos. 1 and 26 (both complaints fail to state the grounds for the Court's subject matter jurisdiction, a proper cause of action, and factual bases for a cause of action).

Because Plaintiffs' Amended Complaint fails to state the basis for the Court's subject matter jurisdiction, and provides insufficient legal and factual content from which the Court could reasonably infer that Defendants violated Plaintiffs' rights, the case is subject to dismissal. *See* Fed. R. Civ. P. 8(a); *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (affirming district court's authority to *sua sponte* dismiss a non-prisoner *pro se* complaint for lack of subject matter jurisdiction "at any time when the allegations of the complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open for discussion.").

**IV.**

Accordingly, the case is dismissed *sua sponte* and without prejudice because jurisdiction is not evident and it is unclear that Plaintiffs allege a viable cause of action.

IT IS SO ORDERED.

| | |
|---|---|
|  April 6, 2018 |  */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |